IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY CARTER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ED FOULK, et al.,<br><br>    Defendants. | No. C 08-02795 SBA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING PLAINTIFF CARTER TO FILE COMPLETED NON-PRISONER IFP APPLICATION; AND ADDRESSING PENDING MOTIONS**<br><br>(Docket no. 5) |

Plaintiffs, currently incarcerated at Napa State Hospital (NSH), have filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, a motion for class certification, a motion to exempt this case from the Prison Litigation Reform Act of 1995 (PLRA), a motion for service of the complaint, and a motion for appointment of counsel.

Venue is proper in this district because the events giving rise to the claims are alleged to have occurred in this district. 28 U.S.C. § 1391(b).

## BACKGROUND

Plaintiffs are six patients confined at NSH. They complain that numerous conditions of their confinement at NSH violate their federal constitutional rights and the Americans With Disabilities Act (ADA). They seek to proceed as a class on behalf of all "abused mental patients" at NSH. They request injunctive relief for the class, and monetary damages for the named Plaintiffs only.[1]

## DISCUSSION

I.  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

---

[1] Plaintiffs also request the Court to grant them "reasonable attorney's fees pursuant to 42 U.S.C. § 1988;" however, a pro se litigant is not entitled to an award of attorney's fees under § 1988 even if successful on his civil rights claims. See Kay v. Ehrler, 499 U.S. 432, 435-38 (1991) (pro se litigant not entitled to attorney's fees, whether or not he is a lawyer). Therefore, Plaintiffs' request for attorney's fees is DENIED.

1 relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se
2 pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d
3 696, 699 (9th Cir. 1988).

4     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
5 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the
6 alleged violation was committed by a person acting under color of state law. See West v. Atkins,
7 487 U.S. 42, 48 (1988).

## II.   Request for Class Certification

9     Plaintiffs seek to proceed on behalf of the class of all "abused mental patients" at NSH. The
10 prerequisites to maintenance of a class action are that: (1) the class is so numerous that joinder of all
11 members is impracticable, (2) there are common questions of law and fact, (3) the representative
12 party's claims or defenses are typical of the class claims or defenses, and (4) the representative party
13 will fairly and adequately protect the class interests. See Fed. R. Civ. P. 23(a). As a matter of law,
14 pro se prisoner plaintiffs are not able to fairly represent and adequately protect the interests of a
15 class. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Griffin v. Smith, 493 F.
16 Supp. 129, 131 (W.D.N.Y. 1980). "A litigant appearing in propria persona has no authority to
17 represent anyone other than himself." Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962).
18 Accordingly, Plaintiffs may not go forward with their complaint as a class action, and the request for
19 class certification is DENIED.

## III.   Joinder

21     The Court next considers whether the seven Plaintiffs who have signed the complaint and the
22 motion for class certification -- Billy Ray Carter, Elliot Horn, Rocky Mirillo, Ricky Spahn, Jack
23 Rudy and Greg Foley -- may be joined in this action, or whether each Plaintiff must proceed with his
24 own separate action.

25     Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one
26 action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or
27 series of transactions or occurrences, and (2) there are common questions of law or fact. Coughlin
28 v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). If the test for permissive joinder is not satisfied, a

*(Left margin: United States District Court, For the Northern District of California)*

court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. Id. (citing Fed. R. Civ. P. 20(a)).  In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs "'against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint.'" Id. (citation omitted).

In the present action, Plaintiffs fail to satisfy both the first and second prongs of the test for permissive joinder.  The first prong, the "same transaction" requirement, refers to similarity in the factual background of a claim.  Here, Plaintiffs have alleged general categories into which their claims fall: constitutionally deficient medical care in violation of the Eighth Amendment; the denial of constitutionally required access to the courts; cruel and unusual punishment in violation of the Eighth Amendment; as well as violations of the Equal Protection Clause, Due Process Clause, First Amendment, and the ADA.  Within these categories, however, each Plaintiff has suffered different alleged violations at the hands of different alleged defendants, and the injury suffered varies greatly from case to case.  For example, with respect to Plaintiffs' allegations of inadequate medical care alone, each allegation raises discrete questions of fact and individual culpability.  Similar common allegations of constitutional violations do not, in and of itself, suffice to create a common transaction or occurrence. Id. at 1350.

Plaintiffs also fail to satisfy the second prong of the test for permissive joinder -- common questions of law or fact.  Although Plaintiffs' claims are brought under the Constitution and the ADA, the mere fact that the claims arise under the same general law does not necessarily establish a common question of law or fact. Id. at 1351.  Each Plaintiff's claim is discrete, involving not only different factual allegations, but potentially different legal issues, standards, and procedures.  If all of Plaintiffs' claims were to proceed in one action, the Court still would be required to give each claim individualized attention.

Finally, the Court considers the procedural hurdles to Plaintiffs' joinder.  If Plaintiffs proceed as a group, under Rules 7, 8, and 11 of the Federal Rules of Civil Procedure, each Plaintiff must sign every filing made in this case on behalf of the group.  The failure of any Plaintiff to sign a particular pleading could be prejudicial to him and possibly subject his claims to dismissal.  The Court is

aware that the routine practices of prison life often prohibit or delay communications between prisoners. Because Plaintiffs' allegations are factually and legally diverse, the Court is not inclined to accept multiple filings from different Plaintiffs in the same case, or to delay filing deadlines until all Plaintiffs can sign a single pleading.

This Court concludes that the interests of justice are not served by joinder of Plaintiffs in this action. Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense. Id. Here, efficiency will not be promoted by allowing all Plaintiffs to bring a single case. Avoidance of possible prejudice to individual Plaintiffs, delay reduction, and avoidance of confusion call for Plaintiffs' claims to proceed separately. Moreover, severing Plaintiffs will not prejudice any substantial right. Therefore, permissive joinder of the named Plaintiffs in this action is DENIED. With the exception of the lead Plaintiff Carter, all other Plaintiffs are DISMISSED from this complaint without prejudice.

**IV.   Plaintiff Carter**

   **A.   Filing Fee Requirement and Request to Exempt Case from the PLRA**

The filing fee for a civil rights action is $350.00. Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). In April of 1996, 28 U.S.C. § 1915 was amended by the PLRA. The provisions of the former § 1915(a), which allowed the court to grant in forma pauperis (IFP) status to any person who "makes affidavit that he is unable to pay such costs or give security therefor" were substantially expanded, particularly with respect to requirements applicable to prisoners seeking to proceed IFP, see 28 U.S.C. § 1915(a)-(b), (f)-(g), and the payment of partial filing fees, see id. § 1915(b).

If the plaintiff is a "prisoner" who alleges that he is unable to pay the full filing fee at the time of filing, he must submit (1) an affidavit that includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the action, obtained from the appropriate official of each prison at which the prisoner is or was confined. See id. § 1915(a)(1), (2). In Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000), the Ninth Circuit held that the

4

financial reporting and full filing fee requirements of § 1915(a)(2) & (b) apply only to "prisoners," i.e., individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for <u>criminal</u> offenses. <u>See</u> <u>id.</u> (individual civilly committed pursuant to California's Sexually Violent Predators Act is not a "prisoner" within meaning of 28 U.S.C. § 1915). Upon reviewing the IFP application, if the district court determines that the plaintiff is unable to pay the full filing fee at the time of filing, then the plaintiff will be granted leave to proceed IFP.

Here, Plaintiff Carter has previously indicated that he is unable to pay the $350.00 fee in full. (June 12, 2008 Letter at 1.) The Court notes that this <u>pro se</u> civil action was filed on June 4, 2008, at which time the Court notified Plaintiff Carter in writing that the action was deficient due to the failure to pay the filing fee or furnish a completed and signed Court-approved IFP application. Plaintiff Carter was advised that failure to pay the fee or file the application materials within thirty days would result in dismissal of the action. He has since requested two extensions of time to pay the filing fee or to file his IFP application. The Court granted his requests on July 17, 2008 and August 29, 2008. To date, Plaintiff Carter has not paid the filing fee or filed a completed IFP application. Instead, before the Court is Plaintiff Carter's motion to exempt this case from the PLRA because he is a "non-prisoner." He claims that the Court should overlook the IFP application requirement and instead allow him to pay the $350.00 filing fee in monthly installments of $25.00. He also requests to be held to less stringent standards compared to those of the PLRA. Plaintiff Carter states that he has reviewed the PLRA and read several cases on the application of the PLRA. Specifically, he contends that the PLRA does not apply to him because he was found not guilty by reason of insanity and committed to NSH pursuant to California Penal Code § 1026. However, regardless whether Plaintiff Carter is a prisoner or a non-prisoner, the Court needs accurate information about his financial status to decide whether IFP status is appropriate because the Court DENIES his request to pay the filing fee in monthly installments of $25.00. The Court must review Plaintiff Carter's financial affidavit, which includes a statement of all assets he possesses, before allowing him to proceed IFP. Because Plaintiff Carter is claiming he is a civil committee and not a

5

**United States District Court**
For the Northern District of California

1  "prisoner" within meaning of § 1915, the Court will allow him to complete a non-prisoner IFP

2  application. If the Court determines that Plaintiff Carter is a "non-prisoner" and is unable to pay the

3  full filing fee, he will be granted leave to proceed IFP in order for him to pursue this civil action

4  without prepayment of fees.

5        Accordingly, Plaintiff Carter's motion to exempt this case from the PLRA is DENIED at this

6  time. Plaintiff Carter must file a non-prisoner IFP application.[2] He shall submit a completed non-

7  prisoner IFP application no later than **thirty (30) days** of the date of this Order or this case will be

8  dismissed without prejudice for failure to file a completed IFP application or pay the filing fee.

9        **B.**    **Complaint**

10        Plaintiff Carter's claims are outlined in his complaint. Because he sought to pursue this

11  action as a class action, the complaint contains numerous allegations that are not related directly to

12  his individual claims. Now that the Court has ordered Plaintiff Carter to proceed with his own

13  separate action, he must delineate his own claims of constitutional injury by alleging specifically

14  what injury he personally suffered (or continues to suffer), naming and linking the alleged

15  responsible defendants to his allegations, and requesting appropriate relief.

16        The Court recognizes that much work went into the preparation of the pleadings and exhibits

17  in this matter. But the Court cannot comb through all of the documentation and determine which

18  claims Plaintiff Carter would bring on his own behalf. Therefore, the Court directs Plaintiff Carter

19  to file an amended complaint detailing the claims he brings solely on his own behalf. Accordingly,

20  the complaint is DISMISSED WITH LEAVE TO AMEND.

21        **C.**    **Named Defendants**

22        Plaintiff Carter names the following as Defendants in this action: NSH Executive Director

23  Ed Foulk, NSH Medical Director Pat Tyler, NSH Clinical Director Carmen Caruso and NSH

24  Program Director T. C. Hulsey. The Eleventh Amendment does not bar federal court suits against

25  state employees sued in their individual capacity. See Hafer v. Melo, 502 U.S. 21, 31 (1991).

---

[2] Plaintiff Carter should note that the question on page three of non-prisoner IFP application -- regarding whether he has a bank account -- should be completed to indicate any funds he has in any trust account maintained for him at the institution where he is currently detained. He must inform the Court of any such account he has at the facility.

6

1  However, defendants cannot be held liable simply based on their membership in a group without
2  showing their individual participation in unlawful conduct. Chuman v. Wright, 76 F.3d 292, 294
3  (9th Cir. 1996). Either personal involvement or integral participation of each defendant in the
4  alleged constitutional violation is required before liability may be imposed. See Jones v. Williams,
5  297 F.3d 930, 936 (9th Cir. 2002). If Plaintiff Carter is attempting to hold Defendants Foulk, Tyler,
6  Caruso and Hulsey liable, then he must allege facts showing what each defendant did that violated
7  his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping
8  conclusory allegations will not suffice; the plaintiff must instead set forth specific facts as to each
9  individual defendant's actions which violated his or her rights). Furthermore, if Plaintiff Carter is
10 alleging that any of the NSH employees is liable as a supervisor, he must allege that employee
11 "participated in or directed the violations, or knew of the violations and failed to act to prevent
12 them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under
13 § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient
14 causal connection between the supervisor's wrongful conduct and the constitutional violation.
15 Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).
16 A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the
17 supervisor participated in or directed the violations, or knew of the violations and failed to act to
18 prevent them." Taylor, 880 F.2d at 1045. A supervisor may be liable for implementing "a policy so
19 deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the
20 constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th
21 Cir. 2001).

### D.   Request for Appointment of Counsel

23 Plaintiff Carter also requests the appointment of counsel. There is no constitutional right to
24 counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the
25 litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d
26 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on
27 other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). Title 28 U.S.C. § 1915
28 confers on a district court only the power to "request" that counsel represent a litigant who is

7

proceeding IFP.  See 28 U.S.C. § 1915(e)(1).

The Court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Rand, 113 F.3d at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.

At this juncture, it is premature for this Court to consider the likelihood of Plaintiff Carter's success on the merits.  Furthermore, Plaintiff Carter is quite able to articulate his claims pro se.  Accordingly, his request for the appointment of counsel is DENIED without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The requests for class certification (docket no. 5) and attorney's fees are DENIED.

2. Permissive joinder of the named Plaintiffs in this action is DENIED.  With the exception of the lead Plaintiff, Billy Ray Carter, all other Plaintiffs -- Elliot Horn, Rocky Mirillo, Ricky Spahn, Jack Rudy and Greg Foley -- are DISMISSED from this action without prejudice.

3. Plaintiff Carter's motion to exempt this case from the PLRA (docket no. 5) is DENIED without prejudice.  The Court also DENIES his request to pay the $350.00 filing fee in monthly installments of $25.00.  Plaintiff Carter shall submit a completed non-prisoner IFP application no later than **thirty (30) days** of the date of this Order.  **Failure to file the completed non-prisoner IFP application as ordered herein by the thirty-day deadline shall result in the dismissal of this action without prejudice for failure to file a completed IFP application or pay the filing fee.**

4. Plaintiff Carter's complaint is DISMISSED WITH LEAVE TO AMEND.  Within **thirty (30) days** from the date of this Order Plaintiff Carter may file an amended complaint as set forth above.  He must use the attached civil rights form, write the case number for this action on the

8

form, clearly label the complaint "Amended Complaint," and complete all sections of the form. **Failure to file an amended complaint as ordered herein by the thirty-day deadline shall result in the dismissal of this action without prejudice for failure to prosecute.**

     5.     Because the Court is dismissing Plaintiff Carter's complaint with leave to amend, his motion for service of the complaint (docket no. 5) is DENIED without prejudice as premature.

     6.     Plaintiff Carter's request for the appointment of counsel (docket no. 5) is DENIED without prejudice.

     7.     The Clerk of the Court shall send Plaintiff Carter a blank civil rights form and the Court's non-prisoner IFP application form along with his copy of this Order.

     8.     This Order terminates Docket no. 5.

IT IS SO ORDERED.

DATED: 3/27/09

                               SAUNDRA BROWN ARMSTRONG
                               United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BILLY CARTER,

        Plaintiff,

v.

ED FOULK et al,

        Defendant.

Case Number: CV08-02795 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 30, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Billy Ray Carter NA 206839-3
Napa State Hospital
2100 Napa Valley Highway
Napa, CA 94558

Elliot Horn NA 205045-8
Napa State Hospital
2100 Napa Vallejo Hwy
Napa, CA 94558

Dated: March 30, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.08\Carter2795.DWLA.wpd        10