IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>ED FOULK, et al.,<br><br>    Defendants.             / | No. C 08-02795 SBA (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

On March 27, 2009, the Court issued an Order entitled "Order of Dismissal with Leave to Amend; Directing Plaintiff Carter to File Completed Non-Prisoner IFP Application; and Addressing Pending Motions," and gave Plaintiff thirty days from the date of the Order to file an amended complaint and to file a completed non-prisoner in forma pauperis (IFP) application. Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of this action for failure to prosecute. He was also warned that the failure to timely file a completed non-prisoner IFP application would result in the dismissal of this action without prejudice for failure to file a completed IFP application or pay the filing fee. More than thirty days have passed since the Court directed Plaintiff to file his amended complaint and a completed IFP application, and he has not done so. To date, Plaintiff has not submitted any further pleadings in this case or otherwise communicated with the Court.

Accordingly, IT IS HEREBY ORDERED that the complaint in the above-captioned action is DISMISSED for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case. The Clerk of the Court shall terminate all pending motions and close the file.

When and if Plaintiff is prepared to pursue his claims, he may file a new civil rights action. The limitations period to file a § 1983 action in California is two years, but it is tolled for up to two

1  years during a continuous period of incarceration.  See <u>Silva v. Crain</u>, 169 F.3d 608, 610 (9th Cir.
2  1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a
3  § 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and
4  adding § 335.1 to establish two-year residual limitations period for personal injury actions); Cal.
5  Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of
6  continual imprisonment).

   IT IS SO ORDERED.

DATED: 5/19/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY CARTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ED FOULK et al,<br><br>　　　　　Defendant.<br>_____/ | Case Number: CV08-02795 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 21, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Billy Ray Carter NA 206839-3
Napa State Hospital
2100 Napa Valley Highway
Napa, CA 94558

Dated: May 21, 2009

　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.08\Carter2795.dismiss-FTA&DISIFP.wpd　　　3